## W. H. IRWIN v. STATE.

No. A-5954. Opinion Filed Jan. 21, 1928.
(263 Pac. 164.)

Owen F. Renegar, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   On information charging that in Washita county, on the 21st day of May, 1925, "W. H. Irwin, did have in his possession certain intoxicating liquors, to wit, about 50 gallons of wine with intent to violate the prohibition laws," he was convicted and in accordance with the verdict of the jury was sentenced to 30 days in the county jail and to pay a fine of $200.   This appeal is from the judgment.

A number of errors are assigned and argued, but one of which is deemed necessary to notice, and that is insufficiency of the evidence to sustain a conviction.

There is but little conflict in the evidence.

The evidence to support the conviction was tne testimony of John Ramsey, Philo Lambert, and W. P. Hopkins to the effect:   That in executing a search warrant they as deputy sheriffs visited the defendant's farm, a little over two miles west of the town of Rocky.   They searched the house and premises and found one barrel inside a shed and a barrel outside on the north side of it, both about three-fourths full of a liquid they called wine.   That they took a half gallon of the contents of the barrels and poured out the rest; they each testified that the defendant said that the barrels contained vinegar that he had made from the skimmings from cane sirup and fruit juices.

Witness Ramsey was asked, "Q.   Do you know it was

intoxicating liquor that you found of your own personal knowledge?" and answered, "Well; I could not say, because I did not drink enough of it to tell."

Witness Hopkins testified "it tasted like wine."

On cross-examination he was asked: "Q. You don't know how much alcohol it has in it, do you?" The county attorney's objection sustained.

At the close of the testimony for the state the defendant moved for a directed verdict of acquittal on the ground that the evidence failed to show that the liquid in the barrels contained more than one-half of 1 per cent of alcohol measured by volume, or that the same was capable of being used as a beverage. The motion was overruled.

As a witness in his own behalf the defendant testified that he had lived in Washita county for the past 33 years; that he was at home when the officers came there and he showed them the barrels containing vinegar; that in the fall of '22 he took the skimmings of sirup from Mr. Hawkins' cane mill and placed them in the barrel with rainwater; that Mr. Gordon at Rocky had a carload of apples and gave him the faulty apples which he mashed up and put in the barrel with rainwater for the purpose of making vinegar; that these barrels were there where anybody passing the road could see them; that he made about a barrel and a half of vinegar, and it was only used as vinegar.

J. F. Hawkins testified that the defendant helped him to make sorghum in the fall of 1922 and in the fall of 1923, and he carried nearly a barrel of the skimmings home for the purpose of making vinegar, and that he saved a keg full to make vinegar.

Seven witnesses testified to an acquaintance of the defendant of from 20 to 30 years, and that they knew his reputation in that community as an honest, law abiding

citizen, and that reputation was good, which testimony was undisputed.

We have examined the whole record with care, and we find that there was no competent evidence showing or tending to show that the liquid seized on the defendant's place was intoxicating liquor, or that the same was capable of being used as a beverage.

Because the evidence is not sufficient to sustain the conviction, the judgment is reversed, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.